**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MARTON PAL,

    Petitioner,

v.                              Case No.   8:19-cv-2487-T-02TGW

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Mr. Pal, a Florida inmate, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Respondent moves to dismiss the petition as time-barred (Doc. 20). Although afforded the opportunity (see Doc. 18, p. 3), Mr. Pal has not responded to the motion. Upon consideration, the motion to dismiss will be granted.

**Procedural Background**

Mr. Pal pleaded guilty to murder and aggravated child abuse on July 1, 2013 (Doc. 20-2, Respondent's Ex. 3). He was sentenced to life in prison, and the Judgment was entered on August 2, 2013 (*Id.*, Respondent's Ex. 4). Mr. Pal did not file a direct appeal.

On July 30, 2015, Mr. Pal filed a Motion for Post-Conviction Relief in state court (*Id.*, Respondent's Ex. 5). The motion was denied on September 17, 2017 (*Id.*, Respondent's Ex. 10). The denial was affirmed on appeal on July 27, 2018, and the appellate court mandate issued on October 5, 2018 (*Id.*, Respondent's Exs. 12-14). Mr. Pal filed his federal habeas petition in this court on October 4, 2019 (Doc. 1).

**Discussion**

Respondent moves to dismiss the petition as time barred under 28 U.S.C. § 2244(d), arguing that more than one year passed after Mr. Pal's judgment became final.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations in which a state prisoner may file a federal habeas petition. 28 U.S.C. § 2244(d)(1). *Lawrence v. Florida*, 549 U.S. 327, 331 (2007). The limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

In state court, Mr. Pal did not pursue a timely notice of appeal of his August 2, 2013 Judgment. Accordingly, his judgment of conviction became final on September 1, 2013, at the expiration of the time for seeking direct review. *See McGee v. State*, 684 So. 2d 241 (Fla. 2nd DCA 1996) (treating judgment and sentence upon entry of plea as final when time for appeal expired); *Gust v. State*, 535 So.2d 642 (Fla. 1st DCA 1988) (holding that when a defendant does not appeal his conviction or sentence, the judgment and sentence become final when the 30 day time period for filing an appeal expires). The AEDPA's limitations period expired one year later on September 1, 2014.

Mr. Pal filed his motion for post-conviction relief on July 30, 2015. This motion, however, had no tolling effect as the limitations period had already expired. Once AEDPA's limitations period expires, it cannot be reinitiated. *See Tinker v. Moore*, 255 F.3d 1331, 1333-34

(11th Cir.2001), *cert. denied*, 534 U.S. 1144 (2002). Accordingly, Mr. Pal's petition is time-barred.[1]

Mr. Pal's petition for a writ of habeas corpus (Doc. 1) is therefore **DISMISSED** as time barred. The Clerk shall enter judgment against Mr. Pal and close this case.

### Certificate of Appealability Denied

A petitioner does not have absolute entitlement to appeal the denial of his habeas petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability. *Id*. A certificate of appealability will issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Generally, a petitioner must demonstrate that reasonable jurists would find this court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quotation omitted), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller El v. Cockrell*, 537 U.S. 322, 335 36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Where, as here, claims have been rejected on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Webster v. Moore*, 199 F.3d 1256, 1257 n. 2 (11th Cir. 2000) (dismissal of habeas petition as time barred is procedural). Mr. Pal cannot make that showing. And since he is not entitled to a certificate of appealability, he is not entitled

---

1 Mr. Pal has not satisfied the requirements for equitable tolling of the limitations period, *see Holland v. Florida*, 560 U.S. 631, 645 (2010), nor has he presented any arguments sufficient to support a claim of actual innocence. *See McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013) ("We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or ... expiration of the statute of

3

to appeal *in forma pauperis*.

**ORDERED** in Tampa, Florida, on June 23, 2020.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

SA: sfc
Copies to:
Marton Pal, *pro se*
Counsel of Record

---

limitations.").